GARY M. RESTAINO
United States Attorney
District of Arizona
Jonathan B. Granoff
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Jonathan.Granoff@usdoj.gov
Attorneys for Plaintiff

FILED

2023 MAR -2  AM 6:37

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

CR23-00282 TUC-JGZ(LCK)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | I N D I C T M E N T |
| Plaintiff, | Violations: |
| vs. | 18 U.S.C. § 1341 |
| Victoria Totten, | Mail Fraud |
| Defendant. | Counts 1 - 6 |

THE GRAND JURY CHARGES:

**INTRODUCTION and SCHEME TO DEFRAUD:**

At all relevant times in this indictment, the following facts are alleged:

1.  The defendant, VICTORIA TOTTEN, a resident of Arizona, was a licensed insurance agent with the State of Arizona and an independent contractor who offered insurance policies for sale on behalf of various insurance companies. Throughout the scheme, the defendant generally operated her business using the company names "AZ Medical," "AZ Med," "Arizona Medical," "VT Powers & Associates," and "Independence Marketing Corporation," a corporation registered with the State of Arizona Corporation Commission.

2.  As part of the defendant's scheme to defraud, with the intent to defraud, the defendant solicited various clients to obtain insurance. These victims targeted by the defendant were elderly individuals. The defendant fraudulently represented and advised

prospective clients/victims to pay their insurance premiums in advance directly to the defendant's company instead of making payments to the insurance companies. The defendant sought to execute this payment structure to defraud her victims and obtain additional money to which the defendant was not lawfully entitled. The defendant provided various forms of materially false representations to the victims concerning why the victims should pay for their policies in this fashion. The defendant falsely misrepresented the actual terms of the required premium payment structure provided for by the insurance companies. The defendant generally falsely represented that payment should be made in advance, or for the following year to lock in a lower rate or to receive a discount in the event the insurance company decided to raise the rates. The defendant also falsely represented that payment should be made in advance because that was the way it worked. For example, one of the victims paid the defendant approximately $14,000 in 2017, when the actual cost by the insurance companies of the victim's premiums for that year was approximately $2,800. As a further part of the scheme, relating to this same victim, defendant fraudulently received a net amount of $11,700 between 2019 and 2020 and failed to obtain any insurance coverage for this victim using these funds for those years.

3. After the defendant received the fraudulently obtained funds from victims, instead of transmitting all the victims' premium payments directly to the insurance companies, the defendant fraudulently misused large portions of the victims' funds for her own personal use and to pay insurance premiums for the defendant's other clients or victims.

4. In 2018, during the course of defendant's scheme to defraud, one of the insurance companies terminated its relationship with the defendant for commingling of funds. After the defendant's ability to offer insurance was terminated by this company, to further and conceal the scheme, the defendant offered various false representations to her victims relating to why the defendant ended her relationship with the insurance company. The defendant also falsely represented to various victims the reason why they needed to switch their policy to another insurance company.

5. As an essential part of the defendant's scheme to defraud, and to conceal the scheme, the defendant would place her P.O. box number on the victims' applications for the insurance policies as the victims' mailing address. The defendant placed her P.O. Box on the victims' applications so that any correspondence, billing, or other documentation from the insurance companies would be provided directly to the defendant. One of the reasons the defendant required this process was so the victims would be unaware of the true cost and actual payment method for the victims' insurance policies.

6. Throughout the scheme, the insurance companies would mail correspondence and billing documentation relating to the victims' insurance policies directly to the defendant in Arizona.

7. The defendant's scheme caused a loss to various victims totaling at least approximately $114,000.

## COUNTS 1 - 6

## Mail Fraud

### [Title 18 U.S.C. § 1341]

8. Paragraphs 1-7 of this indictment are re-alleged and reincorporated as if fully set forth herein.

9. From a time unknown to the grand jury and continuing through at least January, 2021 within the District of Arizona and elsewhere, the defendant, VICTORIA TOTTEN, knowingly and willfully devised and intended to devise a scheme and artifice to defraud as set forth in the introductory allegations (paragraphs 1-7) to obtain money by means of material false and materially fraudulent pretenses, statements, representations, and promises and by the intentional concealment and omission of material facts.

<u>Use of the Mails</u>

10. On or about the dates listed below, within the District of Arizona, and elsewhere, the defendant, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly cause to be delivered certain mail matter, that is, various insurance billing and other correspondence mailed from the insurance companies

directly to defendant's P.O. Box, by the United States Postal Service and by a private or commercial interstate carrier, according to the directions thereon as described in each count below:

| Count | Date | Description of Mailing |
|---|---|---|
| 1 | 03/07/18 | Premium Notice for S.J.B. $1,670.89 mailed to P.O. Box 69748 Oro Valley, AZ |
| 2 | 03/13/18 | Premium Notice for L.D.W. $194.20 mailed to P.O. Box 69748 Oro Valley, AZ |
| 3 | 10/25/18 | Premium Notice for L.A.K. $256 mailed to P.O. Box 69748 Oro Valley, AZ |
| 4 | 08/16/19 | Premium Notice for S.S. $471.73 mailed to P.O. Box 1588 Prescott, AZ |
| 5 | 09/11/20 | Insurance coverage Denial Letter for L.D.W. mailed to P.O. Box 69748 Oro Valley, AZ |
| 6 | 01/24/21 | Notice of Policy Lapse Letter for S.S. mailed to P.O. Box 1588 Prescott, AZ |

All in violation of Title 18, United States Code, §§ 1341.

A TRUE BILL

/s/

FOREPERSON OF THE GRAND JURY
Dated: March 2, 2023

GARY M. RESTAINO
United States Attorney
District of Arizona

REDACTED FOR
PUBLIC DISCLOSURE

/s/

JONATHAN B. GRANOFF
Assistant U.S. Attorney